**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STANLEY L. NIBLACK, | : | |
| | : | Civil Action No. 15-5298 (MAS) (LHG) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| SCO MALBREEN, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**SHIPP, District Judge**

Pro se Plaintiff Stanley L. Niblack ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The case was originally filed with the Superior Court of New Jersey and was removed to this Court by Defendants. (*See* Notice of Removal, ECF No. 1.) Presently before the Court is a Motion to Dismiss ("Motion") by Defendants SCO[1] Barnes, SCO Togno, John Powell, and Commissioner Gary M. Lanigan ("Moving Defendants"). (ECF No. 5.) Plaintiff opposes the Motion. (ECF No. 9.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Motion is granted.[2]

---

[1] Plaintiff does not explain what "SCO" stands for, but the Court assumes it stands for "Senior Corrections Officer."

[2] Moving Defendants also move, in the alternative, for summary judgment. Because the Court is granting the motion to dismiss, the Court need not address their arguments for summary judgment.

## I.    FACTUAL BACKGROUND

For the purpose of this Opinion, the Court accepts all facts alleged in the Complaint as true, and views them in the light most favorable to Plaintiff. Plaintiff alleges that sometime during April of 2014, various defendants—officers at the prison where Plaintiff was confined—impermissibly and unjustifiably used excessive force and assaulted him on two occasions.[3] (Compl. 3-4, ECF No. 1-1.) Plaintiff further alleges that he filed several letter grievances regarding these alleged assaults with Defendants Powell and Lanigan, but did not receive any response to his grievances. (*Id.* at 4-5.) Plaintiff does not allege that the constitutional violations are ongoing. In addition, the Complaint provides that Lanigan was the "NJDOC Commissioner," (*id.* at 5), and that Powell was the administrator of the prison, (*id.*), i.e. they are not officers immediately in charge of prison grievances.

## II.   STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

---

[3] The details of the alleged assaults are not relevant to this Memorandum Opinion, as the Moving Defendants do not move to dismiss the substantive assault and excessive force claims on the merits.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

## III.   DISCUSSION

A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-51 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

### A.   Supervisory Claims against Powell and Lanigan

Based on Plaintiff's allegations, the Court construes the Complaint as raising supervisory claims against Powell and Lanigan. Although the Complaint does state, in the "Relief Requested" section, that Powell and Lanigan failed "to have a grievance, remedy or complaint system in place to address Prisoners['] grievances, concerns and complaints of Correctional Officers['] physical

3

abuse upon prisoners" (Compl. 7), the Court does not construe that statement as raising a claim for failure to adopt proper policy because Plaintiff's allegations elsewhere establish that the prison had such a system in place. (*See id.* at 5 ("On April 11, 2014, plaintiff wrote another letter grievance with an enclosed remedy form on the assaults by [the] officers. . . .").)  Nor does the Court construe the Complaint as raising a claim that Powell and Lanigan failed to follow established policies, since Plaintiff makes no factual allegations supporting such a claim.

Moving Defendants argue that Plaintiff's claims against Powell and Lanigan should be dismissed for failure to state a claim upon which relief may be granted, because respondeat superior claims are not actionable under § 1983. The Court agrees. With respect to a § 1983 claim, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* While affirmative action by a supervisory official is not required to state a § 1983 claim, Plaintiff must still show that "a supervisor . . . had knowledge and acquiesced in the subordinate's unconstitutional conduct." *Barkes v. First Corr. Med. Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042; *see Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."). "[A]llegations [that] . . . merely assert their involvement in the post-incident grievance process" are insufficient to establish liability. *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005). "Merely responding to or reviewing an inmate grievance does not rise to the level of personal involvement necessary to allege an Eighth Amendment deliberate indifference claim." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015).

4

Here, Plaintiff simply alleges that he filed several letter grievances with Powell and Lanigan regarding the alleged assaults by correctional officers and did not receive any response. Plaintiff does not expressly allege that Lanigan, the commissioner of the entire Department of Corrections, or Powell, the administrator of the entire prison, had personal knowledge of the alleged violations. Rather, Plaintiff alleges that these defendants are high-level officials and may conceivably have been involved in the post-grievance process. But, as the cases above held, mere involvement in the post-grievance process is insufficient to incur Eighth Amendment liability.

Plaintiff argues that Powell and Lanigan "simply ignored" and "did not take any action" regarding the letter grievances that placed them on notice of the misconduct by their subordinate officers. (Pl.'s Opp'n Br. 9, ECF No. 9.) According to Plaintiff, this amounted to "acquiesce[nce] in the assaultive behavior and excessive force or misconduct by their officers." (*Id.*) The Court recognizes that case law suggests that submitting repeated written complaints to a supervisory defendant of an *ongoing* constitutional violation may be sufficient to establish deliberate indifference by circumstantial evidence. *See, e.g., Cardona v. Warden – MDC Facility*, No. 12-7161, 2013 WL 6446999, at *5 (D.N.J. Dec. 6, 2013) (holding that plaintiff stated a valid denial of medical services claim against the prison warden because plaintiff alleged an ongoing constitutional violation, and alleged that the warden was made aware of the ongoing violation through repeated written requests); *Carter v. Smith*, No. 08-279, 2009 WL 3088428, at *6 (E.D. Pa. Sept. 23, 2009) ("Where a grievance alleges an ongoing constitutional violation, a supervisory defendant who reviews it is personally involved in that violation because he is confronted with a situation he can remedy directly") (citing *Harnett v. Barr*, 538 F. Supp. 2d 511, 524-25 (N.D.N.Y. 2008)).

5

Here, however, Plaintiff does not allege an ongoing violation against him, as his grievances were related to assaults that had already occurred. So, at the time he sent his grievances to Powell and Lanigan, there was no continuing conduct for them to remedy; the harm to Plaintiff had already transpired. Therefore, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted with regard to his constitutional claims against Powell and Lanigan. Accordingly, the Court grants the Motion on those claims.

In the interest of justice, the Court dismisses the claims against Powell and Lanigan without prejudice. Plaintiff is afforded thirty days to amend the Complaint. Plaintiff may add additional factual allegations, consistent with the holdings of this Memorandum Opinion, that suggest Powell and Lanigan had pre-grievance knowledge of and acquiesced in the alleged assaults. Failure to amend the Complaint within this timeframe will result in the dismissal with prejudice of Powell and Lanigan from this case.

### B. State Law Tort Claims

Next, Moving Defendants seek to dismiss any potential state law tort claims against them in the Complaint, on the assertion that Plaintiff has failed to file a notice of claims as required by state law. Under the New Jersey Tort Claims Act, when asserting a state tort claim against a public entity or a public employee, a plaintiff must give notice of the claim within ninety days after the cause of action has accrued. *See* N.J.S.A. 59:8-8; *Konah v. City of Newark*, No. L-962-10, 2011 WL 1598957, at *2 (N.J. Sup. Ct. App. Div. Apr. 29, 2011); *Brown v. Twp. of Neptune*, No. 11-7162, 2014 WL 3517776, at *7 (D.N.J. July 15, 2014). This notice requirement applies to common law intentional torts claims, *Ptaszynski v. Uwaneme*, 371 N.J. Super. 333, 343 (App. Div. 2004), as well as negligent conduct claims, *Velez v. City of Jersey City*, 180 N.J. 284, 292-93 (2004). This ninety-day notice period may be extended by a court upon a finding of "sufficient reasons

6

constituting extraordinary circumstances for [the plaintiff's] failure to file notice of claim within the period of time prescribed," but only if the plaintiff files a late notice "within one year after the accrual of his claim[.]" N.J.S.A. 59:8-9; *see Slater v. Hardin*, No. L-8574-09, 2014 WL 923337, at *5 (N.J. Sup. Ct. App. Div. Mar. 11, 2014). Plaintiffs who do not comply with this requirement are "forever barred" from recovering on their claim. *See* N.J.S.A. § 59:8-8. Notice is important because it provides state agencies with the "opportunity to investigate the claims, and take disciplinary or other appropriate action to rectify inappropriate behavior or flawed practices." *Mawhinney v. Francesco*, No. 08-3317, 2010 WL 2557713, at *9 (D.N.J. June 22, 2010) (citing *Velez*, 180 N.J. at 293). Failure to file a notice of claim is a ground for dismissal at the motion to dismiss stage. *See William v. Westampton Police Dep't*, No. L-1144-13, 2014 WL 5393184, at *3 (N.J. Sup. Ct. App. Div. Oct. 24, 2014).

Here, there is no allegation in the Complaint that Plaintiff filed the required notice of claim. Furthermore, Plaintiff implicitly admits in his opposition that he has not filed the required notice.[4] (Pl.'s Opp'n Br. 14.) Under New Jersey law, Plaintiff is required to file the notice of claims before he *initiates* any state law tort action against Moving Defendants. *See* N.J.S.A. § 59:8-3. As such, Plaintiff must demonstrate, at the time he filed the Complaint, that such notice of claims had

---

[4] Plaintiff argues that his claims "are not barred by N.J.S.A. 59:8-8 for failure to file a notice of claim [of] a § 1983 claim alleging the violation of constitutional rights." (Pl.'s Opp'n Br. 12.) However, Moving Defendants only seek to dismiss claims arising under the Tort Claims Act for failure to file a notice of claim. (*See* Defs.' Moving Br. 13, ECF No. 5-2 ("Accordingly, any claims against New Jersey Department of Corrections and its employees *arising under the New Jersey Tort Claims Act* must be dismissed with prejudice") (emphasis added).) In addition to his federal claims, Plaintiff specifically alleges state law tort claims. (*See* Compl. 6 ("The physical abuse of the plaintiff . . . constituted assault and battery under State Law[.]").) It is these claims that Moving Defendants seek to dismiss; when Plaintiff claims relief under state law, he must follow established state procedures. *See Murphy v. Bloom*, 443 F. App'x 668, 670 (3d Cir. 2011) ("The District Court . . . properly recognized that Murphy did not follow the proper procedure for bringing a [state law] claim . . . as required by state law.").

already been served. *See Ptaszynski v. Uwaneme*, 371 N.J. Super. 333, 343 (App. Div. 2004) (holding that the notice requirement under the Tort Claims Act is a jurisdictional precondition to filing suit). No such demonstration has been made in the Complaint. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . the grounds for the court's jurisdiction[.]"); *Bethea v. Roizman*, No. 11-254, 2012 WL 2500592, at *7 (D.N.J. June 27, 2012) (dismissing plaintiff's state law tort claims for failure to plead compliance with the notice requirement under the Tort Claims Act). Thus, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted on his state law claims, and grants the Motion on those claims. Additionally, because the alleged assaults occurred in April of 2014, and personal injury claims accrue at the time of injury, *Tevis v. Tevis*, 79 N.J. 422, 431 (1979), all of Plaintiff's state law claims accrued more than a year from the date of this Memorandum Opinion, so the Court is without jurisdiction to allow Plaintiff to file a late notice of claims under the Tort Claims Act. N.J.S.A. § 59:8-9; *Slater*, 2014 WL 923337, at *5 ("The court is without jurisdiction to permit filing of a late notice of claim more than one year after the accrual of the claimant's cause of action.") (quoting *Williams v. Maccarelli*, 266 N.J. Super. 676, 679 (App. Div. 1993)). Therefore, the Court dismisses Plaintiff's state law claims with prejudice, as Plaintiff no longer has an opportunity to cure his jurisdictional defect.

### C.   In Forma Pauperis Status

The Court takes this occasion to address Plaintiff's objection, in his opposition brief, to the Court's prior holding that Plaintiff has not been granted in forma pauperis status in this Court. In a text order denying Plaintiff's request for service by the United States Marshal, the Court stated that "Plaintiff cannot use the U.S. Marshal for service, because Plaintiff has not been granted in forma pauperis status by this Court. If Plaintiff wishes to proceed in forma pauperis, Plaintiff must

submit an in forma pauperis application." (Text Order, Sept. 25, 2015, ECF No. 7.) Plaintiff objects, contending that since he has already been granted in forma pauperis status by a state court order, this Court must consider that order as an order of this Court. (Pl.'s Opp'n Br. 1.)

"[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 437 (1974). Provisions of federal law, including the Federal Rules of Civil Procedure and, by implication, the federal in forma pauperis statute, "govern the mode of proceedings in federal court after removal." *Id.* at 438; *see* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").

Here, when the state court granted Plaintiff in forma pauperis status, its effect was to allow Plaintiff to proceed in *that* court with all the benefits afforded to litigants who qualify for in forma pauperis status there. No argument can be made that the state court intended that order to somehow govern a proceeding in federal court once the case was removed. Nothing in the removal statute or other federal law prohibits a federal court from enforcing its own rules, and litigants are subject to the protections, as well as the limitations, of federal court rules once the case is removed to federal court. *See Granny Goose*, 415 U.S. at 438. As such, Plaintiff is required to satisfy the federal requirements for in forma pauperis status if he wishes to proceed in *this* Court with such status. *See Wassenaar v. Lanigan*, No. 13-1485, 2015 WL 1712869, at *5 (D.N.J. Apr. 15, 2015) (requiring plaintiff to seek in forma pauperis status in federal court before requesting pro bono counsel in a removed case); *Abdullah v. New Jersey*, No. 12-4202, 2012 WL 2916738, at *2 (D.N.J. July 16, 2012) ("[A] litigant . . . seeking removal to a federal forum[] must . . . duly apply

for in forma pauperis status.").  If Plaintiff wishes to proceed in this Court in forma pauperis, Plaintiff must apply for it anew.

## IV.  **CONCLUSION**

For the reasons set forth above, the Motion is granted.  Plaintiff's constitutional claims against Defendants John Powell and Commissioner Gary M. Lanigan are dismissed without prejudice, and Plaintiff's state law tort claims against all Moving Defendants are dismissed with prejudice.  Plaintiff's constitutional claims against all other defendants remain in the case.  Plaintiff shall have thirty days from the date of entry of the accompanying Order to amend the Complaint.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 4/25/16